IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GREATER TRUEWAY APOSTOLIC CHURCH                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:11cv237KS-MTP

CHURCH MUTUAL INSURANCE COMPANY                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Summary Judgment **[#8]** filed on behalf of Defendant Church Mutual Insurance Company ("Church Mutual"). The Court, having reviewed the motion, the response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The Court specifically finds as follows:

## BACKGROUND

in this action, the Plaintiff and policyholder, Greater Trueway Apostolic Church ("Greater Trueway"), has filed suit against Church Mutual alleging breach of contract and bad faith for its refusal to participate in an appraisal of claims for damages sustained to Greater Trueway's insured premises during Hurricane Katrina on August 29, 2005. Church Mutual claims that because this suit was filed more than six years after those damages were sustained, nearly five years after the last payments were made for those damages, and more than four years after the last activity on the claim,

Greater Trueway's claims relating to those damages are barred by the statute of limitations.

Church Mutual issued policy # 0199396-21-203152 (the "Policy") to insure real property owned by Greater Trueway in Hattiesburg, Mississippi. It is undisputed that the insured property sustained damages as a result of Hurricane Katrina on August 29, 2005. After being notified of the damage, Church Mutual inspected the loss at the main church building and made payments on December 2, 2005 in the amount of $43,407.47, and May 19, 2006, in the amount of $18,480.06. Church Mutual later received notice that an additional building covered under the policy had also sustained damages and Church Mutual had adjusters inspect this additional building and provide their estimate. Church Mutual issued payment to Greater Trueway based on that estimate on December 20, 2006 in the amount of $7,758.65.

On February 27, 2007, William Jordan, a lawyer purportedly representing Greater Trueway, sent correspondence to Church Mutual requesting copies of the claims documents for Greater Trueway. Church Mutual provided the requested copies to Jordan by letter dated March 7, 2007, and explained the claim was still open and that if repairs were made to the property, the insured could still submit copies of the invoices for the work performed and receive payment of the depreciation holdback up to the Replacement Cost Value of the loss as found by the adjuster. Neither Greater Trueway nor Jordan ever responded and Church Mutual closed its file on this claim.

More than three years later, on April 1, 2010, Greater Trueway's present counsel, Al Shiyou, wrote to Church Mutual claiming that the insured disputed the amount of the loss as paid by Church Mutual, and requesting that Church Mutual enter into an

appraisal of the loss pursuant to the appraisal provision of the Policy. On May 25, 2010, Church Mutual declined the request for appraisal asserting that because it was sent nearly five years after the date of loss, and over three years following final payment of the claim and the last contact from any representative of the insured, the request for appraisal was untimely.

On June 2, 2010, in Greater Trueway's response to Church Mutual's letter, its counsel suggested that an insured could request appraisal of a claim indefinitely and requested any policy provisions and legal analysis contrary to that interpretation. On June 18, 2010, Church Mutual, through counsel, responded to Attorney Shiyou by providing the applicable law requiring that appraisal requests be timely made and pertinent policy provisions indicating the importance of timely notice and prompt action. This included the Policy provision allowing for appraisal of any claim in the event there is a dispute between the insurer and the insured as to the amount of loss. The Appraisal provision in the Policy provides:

> b. Appraisal
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> (1) Pay its chosen appraiser; and
>
> (2) Bear the other expenses of the appraisal and the umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Apparently, there was no further communication between the parties for over fifteen months until Greater Trueway filed the current suit on October 3, 2011. The Complaint, filed over six years after the date of loss, claims Church Mutual denied coverage and that the "denial of coverage set forth above constitutes a negligent breach of contract." It further alleges that Church Mutual's "denial of appraisal of the Plaintiff's losses constitutes a failure to act under the policy . . ." and that Church Mutual "should be ordered by this Court to specifically comply with the provisions of its policy by conducting an appraisal of Greater Trueway's losses." Further, Greater Trueway contends that Church Mutual's "denial of appraisal of the Plaintiff's losses constitutes bad faith and a breach of good faith and fair dealing . . ." Arguing that Greater Trueway's claims related to Hurricane Katrina are barred by the statute of limitations, Church Mutual asserts that it is entitled to summary judgment in this matter.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the

evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by

identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting

*Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **LAW AND ANALYSIS**

The statute of limitations for bringing suit for breach of an insurance contract in Mississippi is three years. *See* Miss. Code Ann. § 15-1-49. Mississippi courts have held that the statute of limitations for the breach of an insurance contract begins to run on the date of the refusal of payment. *See Hood v. Central United Life Insurance Co.*, 664 F.Supp.2d 672, 674 (N.D. Miss. 2009) (In a suit involving the court's determination of the applicable statute of limitations under a cancer policy for a death benefits dispute, the court noted that the "Mississippi Supreme Court has held statutes of limitation for breach of insurance contracts begin to run only with 'the specific refusal to pay.'"). In this case, Church Mutual argues the "specific refusal to pay" date is synonymous with the date of last payment, which Greater Trueway now claims was inadequate.

The Complaint was filed over six years after the date of loss, and nearly five years after the last payment on this claim. Church Mutual's final payment on the original claim dated May 19, 2006, noted that "No prior or pre-existing damages are included or covered" and that Greater Trueway could "forward your final invoices for the work completed to make claim for the depreciation holdback. (up to $10,081.04)." After receiving notice that an additional building had suffered damages, Church Mutual's final payment on the additional claim dated December 20, 2006, likewise noted "This payment reflects Hurricane Katrina damage and related interior water damage from Hurricane Katrina. No consideration was given for prior exterior or interior damages."

It is undisputed that by December 20, 2006, Church Mutual had informed Greater

Trueway of the amount of loss covered by the Policy, paid Greater Trueway what it considered was owed under the Policy as of that date, and refused payment for anything greater (other than the depreciation holdback which was held until such time as repairs were made). Nevertheless, Greater Trueway waited more than four years and ten months from that date to file the current suit claiming that the payments made were a breach of contract.

Church Mutual argues that Greater Trueway cannot circumvent the running of the statute of limitations merely by sending its insurer a request for appraisal nearly five years after the date of loss. Mississippi law provides that an appraisal is a condition precedent to filing suit, as the purpose of an appraisal is to resolve a dispute between the insurer and insured as to the amount of loss short of litigation. Litigation may proceed only after the appraisal process fails to resolve any such dispute. *See Home Ins. Co. v. Watts*, 91 So. 2d 722 (Miss. 1957) (noting that where the policy called for appraisal, the insured must submit to appraisal as a condition precedent to filing suit); *Edwards v. Guideone Mut. Ins. Co.*, No. 4:09cv35-HTW-LRA, 2010 WL 1416473 (S.D. Miss. April 7, 2010) (ordering the parties to submit to appraisal because it was a condition precedent to the insured's lawsuit against its insurer).

Thus, according to Church Mutual, if an appraisal is a condition precedent to filing suit - and the appraisal is requested after the time for filing suit has expired - then the appraisal itself cannot, and should not, resurrect the ability to file suit. However, Greater Trueway is making that exact argument, i.e, that its cause of action did not accrue until Church Mutual denied its request for an appraisal submitted nearly five years after the loss.

No Mississippi court has yet specifically analyzed such a claim, but this issue has been addressed in other jurisdictions. For example, in *Johnson v. Mut. Serv. Cas. Ins. Co.*, 732 N.W.2d 340, 346 (Minn. Ct. App. 2007), the plaintiff filed suit against its fire insurer after the insurer refused to participate in appraisal demanded two years after the loss. The insurer had paid some amounts on the claim, but the plaintiff continued to demand entitlement to policy limits. *Id.* at 342. The plaintiff requested appraisal three months after the state mandated 2-year statute of limitations period had expired. When the insurer declined to participate in appraisal, the plaintiff filed suit and moved to compel appraisal, "assert[ing] that although the two-year limitation barred her action for damages, it did not apply to a demand for appraisal, which is not an 'action.'" *Id.* at 342-43. The district court disagreed and granted summary judgment for the insurer.

On appeal, the court affirmed, concluding that where the statute of limitations had run on any claim under the policy, forcing the parties to submit to an appraisal would be futile. The court explained, "even if [the insured] succeeded in determining the amount of the loss through appraisal, [the insured] would have to bring an action to determine [the insurer's] liability, and . . . such an action is barred by the limitation on actions contained in the policy." *Id.* at 346. Thus, the court found summary judgment was proper for the insurer.

Additionally, other courts have found that requests for appraisal must be timely made. In *Jadick v. Nationwide Property & Casualty Insurance Co.*, 2011 WL 6275693 (Ala. Civ. App. Dec. 16, 2011), an insured filed suit against his homeowners' insurance company for breach of the policy by failing to submit his claim for fire damages to appraisal. The insurer had paid the claim and repairs had been made. Following the

repairs, the insured obtained another estimate concluding that additional damage had been caused by the fire which had not been included in the original estimate. *Jadick*, 2011 WL 6275693 at **2. The insured provided this estimate to his insurer and demanded appraisal of the claim, but the insurer refused to participate in appraisal. *Id*.

The court agreed with the insurer that the demand for appraisal fifteen months after the insurer had paid the claim was not timely under the circumstances, and granted summary judgment. In affirming the grant of summary judgment, the Court of Appeals explained the purpose of appraisals:

> When property is appraised for the purpose of resolving insurance - coverage issues, it is imperative that the appraiser be able to evaluate the extent of the damage done to that property. By the time that Jadick sought to invoke his right to an appraisal, the damage had been repaired and, thus, the extent of that damage could not have been evaluated.

*Id*. at ** 9.

Church Mutual argues that the same rationale would apply here, because the request for appraisal of Hurricane Katrina damages was made nearly five years after the date of loss. Thus, there is no way that the appraisers could determine what damage was pre-existing, what damage was attributable to Hurricane Katrina, and what damage may have occurred in the five years since Hurricane Katrina.

Similarly, the court denied a delayed request for appraisal in *Hodges v. Pa. Millers Mut. Ins. Co.*, 673 A.2d 973, 975 (Pa. Super. Ct. 1996). In *Hodges*, the court explained that the nature of the appraisal process under the policy implicitly "require[d] that the obligation be performed within a reasonable time." *Id*. at 975-76. As such, the court held that an insurer's request for appraisal twenty-three months after the date of loss was unreasonable where litigation over the claim had been pending for a year.

Much like Greater Trueway's position in the current case, the insurer in *Hodges* had argued that the policy required appraisal upon request, and was silent as to any time frame in which such appraisal must be demanded. Thus, the insurer argued that it could request appraisal at any time. *Id.* at 974. However, the court found this argument unpersuasive, noting:

> We reject the contention of the trial court and appellee that a provision which is silent as to the time in which an appraisal request must be made permits a request at any time. Indeed, it is hornbook law that where no time is specified for performance of a contractual obligation, the courts will require that the obligation be performed within a "reasonable" time. *See* Farnsworth, Contracts (3d ed. 1982), § 3.28, p. 197 ("courts have ... had little difficulty in supplying and enforcing terms under which a specified duty ... is to be performed within a "reasonable" time if no other time is stated."); Restatement, Second, Contracts, § 204 ("when the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court[,]" and Comment d, "if no time is specified, a term calling for performance within a reasonable time is supplied."); . . .

*Id.* at 974-75; *see also Keesling v. Western Fire Ins. Co. of Fort Scott Kan.*, 520 P.2d 622 (Wash. App. 1974) (noting that requests for appraisal must be timely under the circumstances).

In *Keesling*, the court explained that "[w]hether a demand for appraisal has been made within a reasonable time depends upon the circumstances of the case . . . [including the two main factors of] prejudice resulting from the delay, and the breakdown of good-faith negotiations concerning the amount of loss." *Id.* at 628. In that case, only eight months had passed since the date of loss, thus the court found the request for appraisal had been timely made. By contrast, the request for appraisal in the current case was made nearly five years from the date of loss, and over four years from the last

payment made on the claim.

The Policy at issue herein requires "prompt notice of the loss or damage" and further requires "you give us a description of how, when, and where the loss or damage occurred" "as soon as possible." See Section E 101 (01-01) at p. 15. The Policy further notes that payment of the Replacement Cost Value for the loss is not due "[u]nless the repairs or replacement are made as soon as reasonably possible after the loss or damage." See Section E 126 (6-93). Finally, the Policy provides that any action brought against Church Mutual must be within two (2) years from the date the direct physical loss or damage occurred. See Section E 101 (01-01) at p. 17. Naturally, Church Mutual concedes that the contract cannot limit the statute of limitations under Mississippi law. See Miss. Code Ann. § 15-1-5 (mandating that the applicable statute of limitations "shall not be changed in any way whatsoever by contract between parties."). However, that provision, and the others, certainly indicate that the Policy requires timely action by the insured.

Further, Mississippi courts recognize that when a contract is silent as to when certain performance must occur under a contract, the general rule is that the parties must perform within a reasonable time. See Harrison v. Walker, 2011 WL 2547964 (Miss. Ct. App. June 28, 2011) (where a contract did not specify a notice period for requiring the written notice of termination, the proper measure of damages for failure to give notice is the plaintiff's income during a period of time the court finds constitutes reasonable notice); Lumbermens Mut. Cas. Co. v. Thomas, 555 So. 2d 67 (Miss. 1989) (applying general principles of contract law to insurance policy to find that where a contract did not specify the length of time required to notify an insurance company of a

change in circumstances, that the mortgagee is entitled to a reasonable time for giving such notice); *Smith v. Mavar*, 21 So. 2d 810 (Miss. 1945) (when a contract does not specify the time period for completion of construction of a house, the general rule is that a reasonable time for construction is inferred). Clearly, Greater Trueway's request for appraisal was unreasonable and not timely under the law.

The appraisal provision provides a contractual avenue in which the parties to the insurance contract can resolve their differences short of litigation. The appraisal provision was not intended to extend, and does not extend, the time an insured could bring suit over such claims. Indeed, any such provision would be unenforceable, as Mississippi law prevents any attempts to lengthen or shorten a statute of limitations by contract. *See* Miss. Code Ann. § 15-1-5, which provides:

> The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contracts stipulation whatsoever shall be absolutely null and void, the object of this section being to make the period of limitations for the various causes of action the same for all litigants.

The statute of limitations for Greater Trueway's claim against Church Mutual is three years, and began to run, at the latest, on the date of last payment by Church Mutual on December 20, 2006. Greater Trueway's request for appraisal – made after the statute of limitations had run -- was not timely made and cannot circumvent the running of the statute of limitations on the otherwise time-barred claim. Thus, Church Mutual is entitled to summary judgment on all claims asserted in this action.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#8]** filed on behalf of the Defendant, Church Mutual Insurance Company is Granted and the Plaintiff's Complaint is dismissed with prejudice and that any other

pending motion are denied as moot. A separate judgement shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 4th day of April, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE